IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BAYLOR UNIVERSITY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-cv-409-ADA |
| VINTAGE BRAND, LLC, SPORTSWEAR INC. DBA PREP SPORTSWEAR, and CHAD HARTVIGSON, | § § § § § § | |
| Defendants. | § § | |

**CONSENT JUDGMENT**

Plaintiff Baylor University ("Plaintiff") and Defendants Vintage Brand, LLC, Sportswear Inc., DBA Prep Sportswear, and Chad Hartvigson ("Defendants") have agreed to settle this case prior to trial and to entry of this Consent Judgment as part of their settlement. The Court enters the following findings of fact, conclusions of law, and Order as agreed by Plaintiff and Defendants.

I. **NATURE OF DISPUTE AND JURISDICTION**

1. This is an action for trademark infringement and counterfeiting, unfair competition and false designation of origin, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); trademark infringement and trademark dilution under the Texas Business and Commerce Code; and trademark infringement, unfair competition, breach of contract, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. Defendants have been properly served, and the Court has personal jurisdiction over each Defendant in connection with causes of action asserted by Baylor.

4. The parties are represented by counsel and have conferred with counsel about this dispute and the terms of this Consent Judgment.

## II. BAYLOR AND ITS TRADEMARKS

5. Baylor is the world's largest Baptist university and the oldest continually operating institution of higher education in the state of Texas. It was originally chartered in 1845 by the Republic of Texas, and later reincorporated under the laws of the State of Texas in 1886.

6. Baylor provides a wide curriculum of educational services through its colleges and schools at both the undergraduate and graduate levels, including arts, sciences, business, law, nursing, education, engineering, computer science, music, social work, and theology.

7. For many years, Baylor and its licensees have continuously used the marks BAYLOR, BAYLOR UNIVERSITY, and other marks that consist of or incorporate BAYLOR in commerce in connection with Baylor's high-quality educational services, as well as on a wide variety of related goods and services (the "BAYLOR Mark").

8. Since at least as early as 1912, Baylor has frequently and continuously used the BU mark in a word and stylized format, in which the letters B and U interlock (the "BU Logo"), as shown below.



9. Baylor adopted a bear as its mascot in 1914. Since then, Baylor's sports teams have been referred to as the "Baylor Bears." Baylor has long and continuously used the BAYLOR BEARS mark in connection with its goods and services (the "BAYLOR BEARS Mark").

10. Baylor has also adopted and long and continuously used various marks that incorporate a bear design, including the design marks shown directly below (collectively, the "Bear Design Marks"), in connection with its goods and services. The design on the left is sometimes herein referenced as the "Sailor Bear" mark.

 

11. Baylor has also adopted and long and continuously used the marks SIC 'EM and SIC 'EM BEARS (the "SIC 'EM Marks") for years in connection with its goods and services.

12. The BAYLOR Mark, the BU Logo, the BAYLOR BEARS Mark, the Bear Design Marks and the SIC 'EM Marks are collectively referred to herein as the "University Marks."

13. Baylor operates an extensive trademark licensing program, in which it licenses its trademarks and service marks under quality-controlled conditions for use in connection with a wide range of products and services sold to the consuming public, including apparel and accessories. Baylor's official school colors are green and gold, so many of the products bearing these marks incorporate that color scheme. Examples of these products are shown below:



3

14. As a result of Baylor's long and extensive use of the University Marks, Baylor has developed an enormous amount of goodwill, public recognition, and strong rights in those marks, which consumers have come to know and trust as symbols of quality.

15. In addition to its extensive common law rights in its marks, Baylor owns numerous federal trademark registrations for those marks, including but not limited to the following, each of which are valid and subsisting:

| Mark | Registration No. | Goods/Services (in relevant part) |
| --- | --- | --- |
| BAYLOR | 1858559 | Class 16: Pens, pencils, three-ring binders, wire bound writing pads, calendars, bumper stickers, decals, and stickers |
| BAYLOR | 1936714 | Class 21: Glasses, mugs, cups, and tumblers |
| BAYLOR | 5708242 | Class 24: flags of textile or plastic; towels; pillow covers; felt pennants; banners of textile or plastic; blanket throws |
| BAYLOR | 4958203 | Class 25: Shirts, sweatshirts, sweaters, sweatpants, ties, hats, shorts, jackets, warm up suits, and socks |
| BAYLOR UNIVERSITY | 1935130 | Class 14: Rings<br><br>Class 25: Clothing products, namely shirts, sweatshirts, sweat pants, jerseys, T-shirts, shorts, jackets, hats, dress shirts, and socks<br><br>Class 41: Education and entertainment services, namely conducting college level courses, and related entertainment services, namely college sporting events, fine art productions, concerts and lectures |
| BAYLOR UNIVERSITY | 1923603 | Class 16: Pens, pencils, three-ring binders, wire-bound writing pads, calendars, bumper stickers, decals<br><br>Class 21: Dishes, drinking glasses, mugs, cups, and tumblers |

| Mark | Reg. No. | Class/Goods |
|---|---|---|
| BU (Stylized) | 1468277 | Class 16: calendars, notebooks, decals, notecards |
| BU (Stylized) | 1474216 | Class 21: cups, mugs, tumblers, and glasses |
| BU (Stylized) | 1558080 | Class 25: clothing, namely t-shirts, shorts, sweatshirts, sweaters |
| (Baylor bear head design) | 1467390 | Class 21: tumblers, cups |
| BAYLOR BEARS B and design | 1467391 | Class 21: Cups and tumblers |
| BAYLOR B and bear design | 1467491 | Class 25: T-shirts |
| B and bear design | 5007920 | Class 16: Decals; bumper stickers |

| | | |
|---|---|---|
| B and bear design | 5007921 | Class 21: Drinking glasses, namely, tumblers |
| B and bear design | 5007923 | Class 25: Clothing, namely, pullovers, t-shirts, long-sleeved shirts, polo shirts; caps |
| SIC 'EM BEARS | 2780109 | Class 41: Entertainment in the nature of competitions in the field of men's and women's sporting events |

**III.  DEFENDANTS AND THEIR BUSINESSES**

16. Defendant Vintage Brand, LLC ("Vintage Brand") is a Washington limited liability company.

17. Defendant Sportswear Inc. dba Prep Sportswear ("Sportswear") is a Washington corporation.

18. Defendant Chad Allen Hartvigson is an individual and is a co-founder and co-owner of both Defendants Vintage Brand and Sportswear, the CEO of Sportswear, and manager of Vintage Brand.

19. Defendants Vintage Brand and Sportswear produce, manufacture, promote, and sell sports-themed merchandise, such as apparel, drinkware, posters, and other similar items.

20. Defendant Vintage Brand offered merchandise at a website associated with the domain name vintagebrand.com including the below examples.



21. Defendants' use of images or display of images in connection with apparel and merchandise included the nineteen designs shown below.



## IV. RESOLUTION OF BAYLOR'S TRADEMARK CLAIMS

22. Baylor moved for summary judgment against all Defendants on its claims for trademark infringement and counterfeiting and for unfair competition under federal law (Counts I and II); and its claims for trademark infringement and unfair competition under Texas law (Counts III, IV, V). ECF No. 72 at 14 n.17.

23. Baylor also sought summary judgment on Defendants' counterclaims to cancel certain Baylor trademark registrations and on all of Defendants' defenses, including their defenses asserting theories of abandonment, ornamentality, functionality, lack of distinctiveness/secondary meaning, and descriptive fair use, and fair use under the First Amendment. *Id.* at 21-27.

24. In addition, Baylor sought summary judgment on certain remedies under the Lanham Act, including injunctive relief, attorney's fees, and statutory damages. *Id.* at 28-34.

25. Vintage Brand sought summary judgment on Baylor's counterfeiting claims. ECF 80.

26. Sportswear sought summary judgment on Baylor's claims based on products offered on <https://www.prepsportswear.com/>. ECF 74.

27. On February 27, 2023, the Court entered a written order with its ruling on the parties' motions for summary judgment.

28. With respect to Baylor's motion for summary judgment, the Court:

> (a) granted Baylor judgment as a matter of law on its claims for infringement and unfair competition under both federal and state law (Counts I–V);
>
> (b) granted Baylor judgment as a matter of law on all of Defendants' counterclaims and defenses;
>
> (c) awarded Baylor its reasonable attorney's fees; and
>
> (d) found Baylor was entitled to permanent injunctive relief.

ECF No. 110. The Court denied Baylor's motion with respect to Baylor's counterfeiting claim and request for statutory damages. *Id.*

29. The Court denied Vintage Brand's Motion for Summary Judgment. *Id*.

30. The Court granted in part and denied in part Sportswear's Motion for Summary Judgment: "The Court GRANTS Prep Sportswear's Motion that Baylor cannot establish a contract claim against Defendant Prep Sportswear. All other requested relief is DENIED." *Id*.

31. After the Court's summary judgment ruling, Baylor voluntarily dismissed its claims for trademark dilution under federal and state law (Counts VI & VII) and unjust enrichment (Count VIII) without prejudice. ECF Nos. 126 & 147.

32. The parties have resolved Baylor's remaining claim for trademark counterfeiting (found in Count I) pursuant to a separate confidential settlement agreement that is incorporated herein by reference for all purposes and contingent on the entry of this Consent Judgment. This Consent Judgment, once entered, signed by all parties who have appeared, constitutes a stipulation

of voluntarily dismissal of Baylor's counterfeiting claim with prejudice. Fed. R. Civ. P. 41(a)(1)(A)(ii). Defendants deny all liability in connection with Baylor's counterfeiting claim.

It is therefore **ORDERED** that:

a. All Defendants are liable for trademark infringement and unfair competition under federal and state law pursuant to the Court's summary judgment ruling, ECF No. 110, and that order is hereby incorporated by reference and made final;

b. All Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all other persons in active concert or participation with any of them[1], *see* Fed. R. Civ. P. 65(d)(2), are permanently enjoined from:

> 1) all use of the marks, names, designations, logos, and/or designs shown in **Exhibit A** of this judgment, in any form and for any purpose, including in connection with the production, manufacturing, promotion, marketing, distribution, sale and/or offer of sale of any product, and regardless of whether the use is as a trademark or otherwise, and regardless of whether such use is in isolation or appears with other wording or designs;
>
> 2) all use of any design that resembles Baylor's Sailor Bear mark, notwithstanding any differences in color, orientation, or other minor visual elements, regardless of whether the use is as a trademark or otherwise, and regardless of whether such use is in isolation or appears with other wording or designs; including but not limited to the following:

     

> 3) all use of any marks, names, designations, logos, and/or designs shown in Exhibit A in connection with any promotion or marketing activity online, including as a domain name, in any URL, account name, handle, search-engine keywords, metatags, or any other electronic use, including any use intended to

---

[1] "Persons in active concert or participation with any of them" includes, but is not limited to, Defendants' partners, owners, shareholders, joint venturers, business associates, employees, agents, spouses, family members, or employers of Defendants; all entities now, in the past, or in the future related to or controlling, controlled by, or under common control with one or more of Defendants; all alter egos of any of them; and all predecessors or successors in interest of Defendants.

     increase online traffic to any website, webpage, social media account, or other e-commerce platform owned, controlled, or used by Defendants;

    4) all use of green and gold together with any Baylor-related indicia, including the word BEARS, unless clearly associated with a school other than Baylor.

  c. All Defendants shall, within fifteen (15) days of the date of entry of this Order, deliver to Baylor for destruction, or cause to be destroyed and provide proof of destruction, any and all products, and any other materials in Defendants' possession, custody or control that use, bear, or depict any word or image in Exhibit A, or, in the event no such products or materials are in Defendants' possession, custody, or control, certify same under oath;

  d. All Defendants must file with this Court and serve upon Baylor, within thirty (30) days after the entry of this Order, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

  e. Baylor's claim for trademark counterfeiting is dismissed with prejudice;

  f. Defendants shall pay an agreed-upon amount representing Baylor's attorney's fees and damages pursuant to the terms of the parties' confidential settlement agreement that is incorporated herein by reference for all purposes;

  g. The Court shall retain jurisdiction to enforce compliance with the terms of this consent judgment and the parties' confidential settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002); and

  h. All writs shall issue for the enforcement of this judgment.

# EXHIBIT A

Consent Judgment, *Baylor University v. Vintage Brand, LLC et al*, No. 6:21-cv-00409 (W.D. Tex.)

| BAYLOR | BAYLOR UNIVERSITY | BAYLOR BEARS | SIC 'EM | SIC 'EM BEARS |
|---|---|---|---|---|

     

    

    

     

    

  

**IT IS SO ORDERED** this 20th day of October, 2023

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

AGREED AND ENTRY REQUESTED:

/s/ Leslie VanderGriend
John T. Fetters (admitted *pro hac vice*)
Bradford J. Axel (admitted *pro hac vice*)
Leslie C. VanderGriend (admitted *pro hac vice*)
Theresa H. Wang (admitted *pro hac vice*)
Valerie A. Walker (admitted *pro hac vice*)
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 626-6000
Fax: (206) 464-1496
John.Fetters@stokeslaw.com
Bradford.Axel@stokeslaw.com
Leslie.VanderGriend@stokeslaw.com
Theresa.Wang@stokeslaw.com
Valerie.Walker@stokeslaw.com

Sherri Wilson (Texas Bar No. 24075291)
WILSON IP LAW PLLC
2907 S. Congress Avenue, Suite E-211
Austin, TX 78704
Tel: (737) 295-7110
Fax: (737) 284-2287
swilson@wilsoniplegal.com

*ATTORNEYS FOR DEFENDANTS*
*VINTAGE BRAND, LLC, SPORTSWEAR INC.*
*DBA PREP SPORTSWEAR, AND CHAD*
*HARTVIGSON*

/s/ Wendy Larson
Wendy C. Larson (Texas Bar No. 24055820)
David E. Armendariz (Texas Bar No. 24082636)
Giulio E. Yaquinto (Texas Bar No. 24107292)
PIRKEY BARBER PLLC
1801 E. Sixth Street, Suite 300
Austin, TX 78702
Tel: (512) 322-5200
Fax: (512) 322-5201
wlarson@pirkeybarber.com
darmendariz@pirkeybarber.com
gyaquinto@pirkeybarber.com

*ATTORNEYS FOR PLAINTIFF*
*BAYLOR UNIVERSITY*